IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BONNIE BELEVENDER, et al.,

       Plaintiff,    Case No. 3:06 CV 1595

 -vs-

              MEMORANDUM OPINION

MAGI ENTERPRISES, INC., et al.,

       Defendant.

KATZ, J.

This matter is before the Court on the defendants' motion to dismiss (Doc. 2), the plaintiffs' opposition (Doc. 5), and the defendants' reply (Doc. 7). This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**Background**

**1. Parties**

There are three plaintiffs in this case (collectively, "Plaintiffs"). The first is Stanley Belevender ("Mr. Belevender") who passed away on November 1, 2004. Mr. Belevender was a paraplegic amputee who used a wheelchair for mobility purposes. The second plaintiff is Bonnie Belevender ("Mrs. Belevender"), who was the wife of Mr. Belevender. She is also the executor of the estate of Mr. Belvender and brings this suit on behalf of the estate as well as for herself for damages and loss of consortium. The final plaintiff is the Ability Center of Greater Toledo ("the Ability Center") which is a "non-profit regional State Independent Living Center charged with the responsibility to provide services to and represent the interests of people with disabilities in Northwest Ohio . . . ." Compl. at 3 (Doc. 1).

There are multiple defendants in this case (collectively, "Defendants"). One defendant is Magi Enterprises, Inc. ("Magi"), an Ohio corporation with its principal place of business in Ottawa County, Ohio. Magi owns and operates Phil's Inn Restaurant ("Phil's") located in Port Clinton, Ohio. Scott Barnes ("Barnes") is registered with the Ohio Secretary of State as the statutory agent of Magi. Other defendants are Doe Corporations and/or individuals and/or individual owners and/or operators of Phil's.

**2. Procedural History**

On July 30, 2006, Plaintiffs filed a claim in this Court alleging violations of Title III of the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12181, Ohio Rev. Code § 4112.01, and Ohio common law for declaratory and injunctive relief and damages. Plaintiffs allege that Defendants illegally denied Plaintiffs the opportunity to benefit from goods, services, and facilities, refused to remove architectural barriers, and otherwise discriminated against them on the basis of Mr. Belevender's physical disabilities. On August 15, 2006, Defendants filed a motion to dismiss the claim pursuant to F. R.Civ. P. 12(b)(1) & (6) on the grounds that Plaintiffs lack standing to bring this action. (Doc. 2). On October 2, 2006, Plaintiffs filed a memorandum in opposition to Defendant's motion to dismiss. (Doc. 5). On October 9, 2006, Defendants filed their reply memorandum in support of their motion to dismiss the complaint. (Doc. 7).

**3. Facts**

Plaintiffs allege the following facts. On or about July 2, 2004, plaintiffs Mr. and Mrs. Belevender and some friends entered Phil's to order dinner and drinks. The restaurant was quite busy and crowded with many patrons. Mr. Belevender needed to use the restroom at some point in the evening and attempted to access the men's restroom. He was stopped short of the restroom

because there was a large ice machine preventing him in his wheelchair from reaching the restroom. A female employee of Phil's noticed Mr. Belevender's situation and tried to assist him in his attempt to access the men's restroom to no avail. The employee then wheeled Mr. Belevender towards the women's restroom, but her attempt failed because of a narrow entrance way to the restroom. Mr. Belevender was thus unable to gain access to either restroom because of obstructions within Phil's.

Plaintiffs further allege that in the process of Mr. Belevender's attempts to access the restroom, he suffered multiple lacerations and bruises on his arms. Furthermore, numerous patrons focused their attention on Mr. Belevender, and as a result, he felt embarrassed and humiliated. The process up to this point took several minutes. Next, the employees of Phil's indicated there was nothing more they could do and suggested that Mr. Belevender use the restroom at the hotel across the parking lot. Mr. Belevender was forced to leave Phil's and go into the parking lot. Soon thereafter, he urinated and soiled himself while sitting in his wheelchair. Mr. Belevender immediately left the vicinity and drove home in this condition. This furthered his humiliation and embarrassment.

**Standard of Review**

No complaint shall be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, (1957); *see also Pfennig v. Household Credit Servs.,* 295 F.3d 522, 525-26 (6th Cir. 2002) (citing *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998)). When deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the

3

record, and attached exhibits also may be taken into account. *Yanacos v. Lake County,* 953 F. Supp. 187, 191 (N.D. Ohio 1996). The court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 81 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer,* 416 U.S. at 236. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

## Discussion

"Congress enacted the ADA in 1990 to remedy widespread discrimination against individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001). Title III of the ADA applies to discrimination by places of public accommodation. In particular the statute provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation.

42 U.S.C. § 12188(a). It is stipulated that Phil's is a place of public accommodation as defined by Title III. Private litigants suing under Title III are entitled only to injunctive and declaratory relief. *See* 42 U.S.C. § 12188; *Association for Disabled Americans, Inc. v. Concorde Gaming Corp.*, 158 F. Supp. 2d 1353, 1358 (S.D. Fla. 2001); *Powers v. MJB Acquisition Corp.*, 993 F. Supp. 861, 867 (D. Wyo. 1998); *Fischer v. SJB-P.D., Inc.*, 214 F. 3d 1115, 1120 (9th Cir. 2000); *American Bus Assoc. v. Slater*, 231 F.3d 1 (D.C. Cir. 2000); *Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp.2d 119, 124 (N.D. N.Y. 2000).

"Whether a party has standing under Article III of the Constitution to bring a claim 'involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise.'" *Disabled Patriots of America, Inc. v. Lane Toledo, Inc.*, 325 F. Supp. 2d 837 (N.D. Ohio 2004) *citing MX Group, Inc. v. City of Covington,* 293 F.3d 326, 332 (6th Cir. 2002) (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975)).

*Declaratory Relief - Article III Constitutional Standing*

Federal courts have jurisdiction over certain cases or controversies as authorized by Article III of the United States Constitution. A plaintiff's claim under Title III of the ADA must satisfy the case or controversy requirement of Article III of the Constitution. *See Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). To establish standing under Article III, a plaintiff must demonstrate: 1) he has suffered an "injury in fact," that is, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; 2) a causal connection between the injury and the challenged conduct, that is, "the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court"; and 3) the injury's redressability by a favorable judicial decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *see also Doe v. Porter,* 370 F.3d 558, 562 (6th Cir. 2004).

**1. Mr. Belevender**

At the outset, the Court notes that based on the alleged facts there is little doubt that Mr. Belevender suffered tangible harm and injury as a result of Defendants' failure to render facilities accessible to him. However, due to his unfortunate passing before this suit was brought, the Court must consider the issue of his standing to sue. *See Blake v. Southcoast Health System, Inc.*, 145 F.

Supp.2d 126, 132 (D. Mass. 2001) ("[T]his case is unsettling because it allows [an instance] of institutional disability discrimination in violation of the ADA to continue unabated.").

Neither Mr. Belevender nor his estate has standing to sue because there is not an actual case or controversy, and his past injury cannot be redressed. This court does not adjudicate disputes which are moot. *McPherson v. Michigan High Scho. Ath. Ass'n.*, 119 F.3d 453, 458 (6th Cir. 1997) (citing *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). The mootness inquiry must be made at every stage of a case; thus, if a case becomes moot during an appeal, the judgment below must be vacated and the case remanded with instructions to dismiss. *McPherson* at 458 (6th Cir. 1997); *see also United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, (1950). "The test for mootness 'is whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . .'" *Crane*, 975 F.2d at 1318.

Here, there is not an actual case or controversy because Mr. Belevender is deceased and so this Court cannot redress his past injury. This Court is unable to grant any relief to Mr. Belevender which would make a difference to his legal interest in this claim against Defendants.

Furthermore, in *City of Los Angeles v. Lyons*, the Supreme Court held a plaintiff's past injury by the defendant is insufficient to satisfy the standing requirement. 461 U.S. 95 (1983). Instead, focus must be on whether the injury can be redressed in the future. Plaintiffs must prove that there is a risk of future harm for a private litigant to have standing under Title III of the ADA. *See Blake*, 145 F. Supp.2d at 132-133; *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 313 (5th Cir. 1997); *Hoepfl v. Barlow*, 906 F. Supp. 317, 321 (E.D. Va. 1995). Here, injunctive relief will not be able to redress Mr. Belevender's injury because he is no longer living. In other words, it is

6

certain he is not able to go back to Phil's and thus it is guaranteed he will not be harmed by the Defendants in the future.

This rationale, unfortunate as it may apparently be, is supported by at least two cases. First, in *Blake v. Southcoast Health System, Inc.*, the federal district court for the District of Massachusetts held that the parents and the estate of a deceased daughter who was not given proper medical attention did not have standing to sue for injunctive relief under the ADA because it was impossible for the defendants to harm their daughter in the future. *Blake*, 145 F. Supp. 2d at 136. The court noted, "Congress does not have the power to circumvent constitutionally mandated standing requirements." *Id*. Second, in *Font v. Funeraria San Francisco*, the federal district court for the District of Puerto Rico held that parents lacked standing in their claim against a funeral home for refusing to allow an open casket wake for their deceased son because he was HIV-positive. 260 F. Supp. 2d 395 (D. P.R. 2003). The court explained, "[to] establish standing under Title III of the ADA, Plaintiffs must show that they are entitled to equitable relief because they are suffering from an injury that is both 'real and immediate.'" *Id*. at 401, *quoting Hoepfl v. Barlow*, 906 F. Supp. at 321. The court also noted that the plaintiffs did not allege any ongoing discrimination, nor did they intend to use the funeral parlor again. These facts are similar to the case at hand because Mr. Belevender does not allege any ongoing discrimination nor does he assert he will return to Phil's. Therefore, Mr. Belevender does not have standing.

**2. Mrs. Belevender**

Mrs. Belevender does not have standing as executor of Mr. Belevender's estate for the reasons described above. She also lacks standing as an individual because she was never injured by the Defendants. She was able to dine and move around Phil's restaurant without any

7

complications. Furthermore, she does not have a disability as defined by Title III of the ADA. *See* 42 U.S.C. § 12102(2). Therefore, Mrs. Belevender cannot assert a claim under Title III of the ADA.

### 3. The Ability Center - Associational Standing

Plaintiffs assert that the Ability Center has standing as an organization arising from the same alleged facts and violations of law as Mrs. Belevender. This Court disagrees with this assertion because the Ability Center does not meet all the requirements for associational standing. An association or organization may assert standing in one of two ways: (1) on its own behalf because it has suffered palpable injury as a result of the defendant's actions; or (2) as the representative of its members. *MX Group, Inc. v. City of Covington*, 293 F.3d 326, 332 (6th Cir. 2002), *citing Warth v. Seldin*, 422 U.S. 490, 511 (1975); *Hunt v. Washington State Apple Advertising Comm.*, 432 U.S. 333, 341(1977). The U.S. Supreme Court has held that an association has standing to sue based on injury to one of its members if the following three-prong test is satisfied: (1) the association's members would otherwise have standing to sue in their own right; (2) the interests the association seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Advertising Comm.*, 432 U.S. at 343 (1977), *relying on Warth v. Seldin*, 422 U.S. 490 (1975); *see also NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001). The Supreme Court has indicated that only the first two prongs of this three-part test are constitutionally mandated. The third requirement, that neither the claim asserted nor the relief requested requires the participation of the individual members of an association in the lawsuit, is prudential as a matter of ''administrative convenience and

efficiency.'" *United Food & Commercial Workers Union Local 751 v. Brown Group*, 517 U.S. 544, 557, (1996).

The Ability Center does not assert it has suffered palpable injury as a result of defendant's actions. Instead, the Ability Center merely repeats the claims of Mr. and Mrs. Belevender. In *Access 1-2-3, Inc. v. Markey's Lobster Pool, Inc.*, the federal district court for the District of New Hampshire dismissed an organization's Title III lawsuit on the basis that the disability rights organization asserted the same claims as the individual plaintiff who contended that a restaurant failed to comply with ADA requirements. 2001 U.S. Dist. LEXIS 12036 (D. N.H. 2001); *see also Molski v. Mandarin Touch Restaurant*, 359 F. Supp. 2d 924, 935 (C.D. Cal. 2005). Here, the Ability Center does not assert a claim that any other member besides Mr. and Mrs. Belevender has visited Phil's. Also, the Ability Center's claim is not any different from Mr. and Mrs. Belevender's claim, thus it must proceed to assert standing as the representative of one of its members.

The Ability Center does not have associational standing because it does not meet all of the *Hunt* elements. First, the Ability Center does not assert a claim on behalf of any of its members. Mr. Belevender is currently not a member of the Ability Center nor was he at the time the complaint was filed. Mrs. Belevender is also not a member of the Ability Center. The Ability Center is a self-described "non-profit regional State Independent Living Center charged with the responsibility to provide services to and represent the interests of people with disabilities in Northwest Ohio . . . ." Compl. at 3 (Doc. 1). Mrs. Belevender does not assert she has a disability as defined in 42 U.S.C. § 12102(2). This Court agrees with Defendants that nowhere in Plaintiff's complaint do they allege that Mrs. Belevender is a member of the Ability Center, and

9

rightfully so because she does not have a disability, and as discussed above, she does not have standing to bring this claim because she did not suffer any injury.

Second, the Ability Center satisfies the second prong because the association's reason for bringing this claim is germane to its self-described purpose, "to provide services to and represent the interest of people with disabilities in Northwest, Ohio."

Third, the Ability Center does not satisfy the third prong because both the claim asserted and the relief requested requires the participation of Mr. Belevender in the lawsuit. The Ability Center would not be able to bring suit under Title III of the ADA without one of its members becoming discriminated against on the basis of their disability. Here, Mr. Belevender is not a current member of the Ability Center. He also does not have standing on his own behalf to bring this claim. The Ability Center fails on the first and third prongs of the *Hunt* test. Therefore, the Ability Center cannot satisfy the requirements to assert association or organizational standing.

## Conclusion

Defendants' motion to dismiss Plaintiffs' complaint pursuant to F.R. Civ. P. 12(b)(1) & (6) on the basis that Plaintiffs do not have standing is hereby granted. (Doc. 2). The case is dismissed. Per Plaintiffs' request, the Court notes that this dismissal is without prejudice as to Plaintiffs' right to bring suit in state court. (Doc. 2).

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE